MATKE, Respondent, vs. BEILKE and another, Appellants.

*September 11—October 8, 1957.*

For the appellants there was a brief by *Peickert, Anderson & Fisher,* attorneys, and *John E. Shannon, Jr.,* and *Richard T. Reinholdt* of counsel, all of Stevens Point, and oral argument by *Hiram D. Anderson, Jr.*

For the respondent there was a brief and oral argument by *W. W. Crosby* of Stevens Point.

FAIRCHILD, J.   Defendants assert that plaintiff's negligence was, as a matter of law, equal to or greater than that of Foster.  Plaintiff argued here that the sole cause of the accident was that Foster caused the hoe boom to drop so that the claws of the hoe bucket pushed against the chain and caused the bell end of the pipe to move into the sand and the spigot end to swing and hit Matke.  There was testimony by Matke that after the accident he observed the hoe boom and bucket in the position claimed.  Defendants' witnesses both testified that the boom did not move to any material extent.  Matke heard a clanging of iron just before he was

struck. This would at least be consistent with the bucket hitting the chain. In our opinion, if the jury believed Matke's testimony of these observations, it could properly find that negligent dropping of the boom caused the injury.

The evidence would also have supported findings that Matke gave a "hold everything" signal after the chain was tightened; that Foster negligently failed to see or heed this signal but instead raised the pipe; that Matke turned away from the pipe without making sufficient observation to determine that he could do so in safety. In view of the jury's attributing almost 50 per cent of the causal negligence to Matke, it seems to us probable that the jury adopted the second view. Under either view, we cannot say as a matter of law that Matke's negligence was equal to or greater than that of Foster.

Defendants also claim that the case was not properly submitted to the jury because the court asked only a general question as to the negligence of Matke and a similar question as to the negligence of Foster. Neither party had requested a special verdict before the introduction of testimony. After the close of testimony defendants requested the court to submit, in addition to questions on negligence not involving the signal, six questions in substance:

1. Did Matke give the signal to raise the pipe?
2. If *not*, was Foster negligent in failing to obey Matke's signal?
3. Was such negligence causal?
4. Did Matke give the signal to "hold everything?"
5. If *not*, was Matke negligent with respect to giving a proper signal?
6. Was such negligence causal?

The complaint alleged negligent operation of the machine by Foster and neither the complaint nor the answer suggested any subdivision of the issue of negligence. The trial judge felt that the submission of the questions requested by de-

fendants would confuse the jury rather than clarify the matter. It is conceivable that questions might have been formulated as to the specific acts or omissions of Matke and Foster which would have enabled the jury to demonstrate how it resolved the various conflicts in the evidence. But because of the character of the operation being carried on and the close interdependence of all the acts of each person upon those of the other, we are of the opinion that the trial judge did not abuse his discretion in submitting only one question as to the negligence of each. In any event we are certain that defendants had no right to have questions asked in the form proposed by them. If the matter of signals were to be inquired into specifically, it would have been necessary to ask whether any efficient signal was given after the chain was tightened; if given, whether it was a signal to raise the pipe; and, if not to raise, whether it was a signal to "hold everything." It would then have been necessary to ask questions, some of them dependent upon the answers to the signal questions, as to other acts or omissions of each party in order to be sure to obtain a complete determination.

*By the Court.*—Judgment affirmed.